## HARTL v. CHICAGO, M., ST. P. & P. R. CO.
### No. 5252.

Circuit Court of Appeals, Seventh Circuit.

Dec. 11, 1934.

Charles C. Spencer, of Chicago, Ill., for appellant.

C. S. Jefferson, M. L. Bluhm, and Mason Bull, all of Chicago, Ill., for appellee.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Isabel A. Hartl, administratrix of the estate of Adolph Hartl, deceased, appellant, brought this action against appellee to recover damages for the death of her intestate caused by collision of a truck driven by the latter, with a north-bound train of appellee. At the close of appellant's evidence, the trial court instructed the jury to return a verdict for appellee, and from the judgment rendered on such verdict appellant appeals.

The action of the district court was based upon its finding that the evidence showed conclusively contributory negligence upon the part of the deceased, and the question submitted to this court is the correctness of such ruling.

Appellee's railroad runs north and south through western Cook county. The roadway in question was apparently of private character, but that fact we do not deem of importance now. The point where the roadway crossed the railroad is in the open country. Deceased was proceeding westerly when a north-bound train struck his truck. A passing track, parallel to the main track, is located between 20 and 25 feet east of the main track. On the day in question, cars stood upon the passing track, obstructing the view to the south until a traveler on the road had passed the same. After having progressed beyond the cars, any traveler could see to the south with an unobstructed view of appellee's main track for a distance of approximately a mile. The deceased was driving a truck loaded with 4½ tons of building material taken from the cars south of the crossing on the passing track. He had been engaged in hauling such material for some time, passed over the crossing frequently, and was thoroughly familiar with the situation. The roadway ascends slightly from the passing track to the main track, the amount of such rise being stated by some witnesses to be from 2½ to 3 feet, and, by other witnesses, from 4 to 6 feet. Deceased was traveling at a low rate of speed and could have stopped his truck within a distance of 2 feet. When sitting in the driver's seat, he was about 6½ feet from the front of the truck. The train was a regular passenger train passing about the same time each day.

As said in Conrad v. Wheelock (D. C.) 24 F.(2d) 996, 999: "Where the evidence is undisputed, or is so conclusive that the court in the exercise of a sound judicial discretion would be compelled to set aside a verdict in opposition to it, then it is the duty of the court to direct a verdict." Of similar import are Southern Pacific Co. v. Pool, 160 U. S. 438, 16 S. Ct. 338, 40 L. Ed. 485, and Chicago, M. & St. P. Ry. Co. v. Coogan, 271 U. S. 472, 46 S. Ct. 564, 70 L. Ed. 1041.

Under this rule the trial court rightfully instructed the jury to return a verdict for appellee. Irrespective of any negligence of appellee, it is apparent that, if the deceased had looked, he would have seen the coming train; that if he had seen it, he could have stopped his truck, and that there is nothing in the evidence to rebut the obvious conclusion of contributory negligence upon his part. The case is not to be distinguished from the case of Baltimore & Ohio Railroad Co. v. Goodman, 275 U. S. 66, 48 S. Ct. 24, 72 L. Ed. 167, 56 A. L. R. 645. There the truck driver had probably even less chance to see the on-coming train than in the case before the court.

It is said, however, that the Supreme Court has overruled the Goodman Case by that of Pokora v. Wabash Railway Co., 292 U. S. 98, 54 S. Ct. 580, 582, 78 L. Ed. 1149, 91 A. L. R. 1049. We do not so understand the latter decision. Rather the court approved the conclusion in the Goodman Case, but disapproved certain language therein, saying: "There is no doubt that the opinion in that [Goodman] case is correct in its result. Goodman, the driver, traveling only five or six miles an hour, had, before reaching the track, a clear space of eighteen feet within which the train was plainly visible. With that opportunity, he fell short of the legal standard of duty established for a traveler when he failed to look and see. This was decisive of the case."

So here, the driver, traveling about three miles an hour, had, before reaching the track, a clear space of more than 18 feet within which the on-coming train was plainly visible. In the Pokora Case the driver of the truck stopped before reaching the main track. But box cars on the switch prevented his seeing the approaching train. The crucial question was whether, after clearing the cars on the switch, he had opportunity to see the coming train and to stop before collision. The two tracks were 8 feet apart; the locomotive overhung, "perhaps two and a half or three feet"; the driver was 5 feet back of the front of his truck. Consequently when he cleared the box cars, and for the first time could see the train, the locomotive overhang was even then in a position to collide immediately with his truck. He had, at the best, opportunity only for a "glimpse." For all that appears he had no opportunity to see "till the train was so near that escape was cut off." "No stop would then have helped the plaintiff."

In the Goodman Case (facts stated in (C. C. A.) 10 F.(2d) 58, 59), there was opportunity to look when looking would have been effective in warning the driver sufficiently early to stop in safety; in the Pokora Case there was no opportunity to look and to see the train when such action would have been effective. We believe the facts here are within those of the Goodman Case rather than those of the Pokora Case.

We consider the language of the court in Northern Pacific Railway Co. v. Freeman, 174 U. S. 379, 19 S. Ct. 763, 765, 43 L. Ed. 1014, as follows, pertinent: "When it appears that, if proper precautions were taken, they could not have failed to prove effectual, the court has no right to assume, especially in face of all the oral testimony, that such precautions were taken. * * * Judging from the common experience of men, there can be but one plausible solution of the problem how the collision occurred. He did not look; or, if he looked, he did not heed the warning, and took the chance of crossing the track before the train could reach him. In either case he was clearly guilty of contributory negligence."

Accordingly the judgment of the district court is affirmed.

SPARKS, Circuit Judge, concurs in the conclusion.